MCGREGOR W. SCOTT
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | 2:19-MC-00036-MCE-DB |
|---|---|
| Plaintiff, | |
| v. | CONSENT JUDGMENT OF FORFEITURE |
| APPROXIMATELY $19,880.00 IN U.S. CURRENCY, | |
| Defendant. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On September 26, 2018, agents with the Drug Enforcement Administration ("DEA") contacted Anthony Marshawn Evans ("Evans") at the Sacramento International Airport in Sacramento, California. Approximately $19,880.00 in U.S. Currency ("defendant currency") was seized from Evans during this encounter.

2. The DEA commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others.

3. The United States represents that it could show at a forfeiture trial that an agent with the DEA approached Evans and asked for permission to speak with him. Evans agreed and told the agent he was traveling from Chicago, Illinois to visit family in Sacramento. Law enforcement asked if Evans was traveling with any luggage and he stated he had one piece of checked luggage. Evans

Consent Judgment of Forfeiture

agreed to a consensual search of his checked luggage. During the search, agents found several rubber-banded stacks of cash concealed among several items of clothing. The cash was comprised of various denominations, totaling $19,880.00. Evans said the cash was his father's, Willie Parson ("Parson"), and the currency was proceeds from his father's business NTI Shoe Shine in Dayton, Ohio. Evans stated that he would call Parson and law enforcement could talk to him about the money.

4. The United States represents that it could further show at a forfeiture trial that Evans called Parson and handed the phone to agents to speak with Parson. Parson stated that Evans was his son and agents asked Parson if he knew Evans birthdate. Parson stated Evans was a "grown man" and should know his own birthday. Parson refused to answer any additional questions regarding Evans or the currency and agents handed the phone back to Evans.

5. The United States represents that it could further show at a forfeiture trial that the parcel was presented to a drug detection dog, who positively alerted to the presence of the odor of narcotics.

6. The United States represents that it could further show at a forfeiture trial that both Evans and Parson have drug-related arrests from 2014, 2015 and 2018.

7. The United States could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

8. Without admitting the truth of the factual assertions contained in this stipulation, claimant specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, claimant agrees that an adequate factual basis exists to support forfeiture of the defendant currency. Parson hereby acknowledges that he is the sole owner of the defendant currency, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, claimant shall hold harmless and indemnify the United States, as set forth below.

9. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

10. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in

which the defendant currency was seized.

11. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

12. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

13. Upon entry of the Consent Judgment of Forfeiture, all right, title and interest in the Approximately $19,880.00 in U.S. Currency, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

14. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed. Claimants waived the provisions of California Civil Code § 1542.

15. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

16. All parties will bear their own costs and attorney's fees.

17. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency.

IT IS SO ORDERED.

Dated: April 30, 2019

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE